UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK D. COLEMAN,

        Plaintiff,

                                            CASE NO. 2:06-CV-10796
v.                                         HONORABLE PAUL D. BORMAN

LARRY J. DURUSSEL, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.      Introduction

      The Court has before it Plaintiff Derrick Coleman's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. This Court has granted his application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. The actions giving rise to this complaint arose when Plaintiff was confined at the Saginaw Correctional Facility in Freeland, Michigan. In his complaint, Plaintiff alleges that the defendants, Larry J. DuRussel, Angie D. Glosson, and Dr. Jan M. Goldberger failed to properly diagnose and treat his leg injury. Plaintiff seeks monetary damages and other appropriate relief.

      Having reviewed Plaintiff's complaint and the attached documents, the Court dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

II.   Discussion

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires an inmate plaintiff to show that prison official defendants acted with a reckless

disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *See Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Plaintiff, however, has made no such showing. Plaintiff alleges no facts to show that the defendant acted with deliberate indifference or intentionally acted to cause him injury or pain with respect to his medical treatment. Plaintiff contends that he was mis-diagnosed resulting in a delay of proper treatment. However, the documents attached to the complaint reveal that Plaintiff was evaluated and treated within 15 minutes of his leg injury on May 11, 2005. Although prison medical personnel initially diagnosed Plaintiff with a sprained ankle and treated the injury as such, they referred him to emergency care the following day where he received a diagnosis of an Achille's injury. Plaintiff underwent corrective surgery on May 13, 2005. He has continued to receive treatment for the injury, including physical therapy. Plaintiff contends that he has been denied proper footwear, but the documents attached to his complaint indicate that medical personnel have responded to his concerns and that he has been given permission to wear his own athletic shoes through July 31, 2006. While Plaintiff may disagree with the course of treatment provided, he has not alleged facts to show that the defendant have acted unconstitutionally.

Furthermore, it is well-settled that claims of negligence concerning a prisoner's medical treatment, *i.e.* medical malpractice, are not cognizable in a civil rights action brought pursuant to 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106. An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983. *Collins v. City of Harker*

*Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994).  Any allegation that the defendants have been grossly negligent also fails to state a claim under §1983.  The United States Court of Appeals for the Sixth Circuit has held that "gross negligence is not actionable under §1983 because it is not arbitrary in the constitutional sense."  *Lewellen*, 34 F.3d at 351.  Plaintiff has thus failed to state a claim for relief under § 1983 and his complaint must be dismissed.

III.	Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim against the defendants upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b)(1).

**IT IS SO ORDERED.**


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 29, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 29, 2006.


S/Jonie Parker
Case Manager